Rxjffin, C. J.
 

 It being admitted, that the defendant was actually an occupant of the premises, that is sufficient to sustain this action against him. The offer to give evidence of the possession of the sons, under the defendant’s conveyance, was but a covert attempt to elude the rule, that in ejectment by the purchaser at Sheriff’s sale against the debtor himself, the latter cannot set up a title out of himself. If he meant to disavow any possession in himself, why did he defend ? If the defendant had hot defended, but it had been shewn to the Court that there were other persons in possession, holding different parcels in severalty, judgment would not have been allowed for the whole against the casual ejector, but only for the part of which the person was in possession on whom the declaration was served — Bul. N. P. 98. But, after having defended for the whole, and when it is clear, that the defendant is, at best, one of the possessors, it is no excuse to him to say, that there are others also in possession. If the others be in possession, as he alleges, they cannot be prejudiced by the judgment against the present defendant; for every plaintiff in ejectment takes possession at his own risk, and must take care not to take more than he is entitled to, nor to turn out persons, who have the title, on which there has been no judicial decision. The lessor of the plaintiff can, of course, have the defendant put out of the premises ; but he will enter, himself, at the hazzard of being a trespasser on the sons, provided they really are entitled to the land. If he wished to bind them by the judgment in this action, he ought to have served them also with a copy of the declaration. As he did not, the sons.
 
 *571
 
 are still at liberty to assert their title against the lessor of the plaintiff; but the defendant has no right to assert it for them, or, rather, to set up their title and their possession with him to protect himself from being evicted.
 

 Pee. CtoiaMj Judgment affirmed.